Gaston, Judge,
 

 after stating the case, proceeded as follows : — It may not be amiss to state, that the proceedings upon this interpleader, have not been strictly regular. The 9th section of the act of 1794,
 
 (Rev. ch.
 
 414,) which directs the mode of proceeding where property attached is claimed before a justice, directs that where any property attached as aforesaid, shall be claimed by any other person, and to determine the right, the intervention of a jury may be necessary ; the party claiming such property may
 
 appeal
 
 to the next County Court, where such right upon issue joined, shall be tried by a jury; the party claiming entering into a bond with sufficient security to pay all costs and charges in case he shall fail to prosecute
 
 the
 
 
 *205
 

 suit
 
 with effect. The term “ appeal,” we do not understand as having been here used in its
 
 technical
 
 sense, the calling upon a superior, to correct injustice in the
 
 decision
 
 of an inferior tribunal; but the calling on a Superior Court to take cognizance of a matter pending in the inferior tribunal, and which, from its constitution, the latter is not fitted to determine. The claim of property is supposed to be one in which the intervention of a jury may be necessary, and as there is no jury in the Magistrate’s Court, the claimant in the interpleader appeals
 
 his suit,
 
 that is to say, removes it for trial to the County Court, where such a jury can be had. There was no necessity, therefore, for the magistrate’s proceeding to any adjudication upon the claim, and such adjudication was a nullity. Whenever the case is one, in which an interpleader is allowed, the claimant is entitled to remove his claim to the County Court, upon complying with the terms prescribed by the act. The irregularity, however, in this case, furnishes no ground for reversing the judgment of the Superior Court, for the claim has been acted upon, both in the County and Superior Courts precisely as it would have been, had not the magistrate passed upon it.
 

 We are of opinion, that there is no error in the instruction given by his Honor on the trial of the issue in the Superior Court. Judgments are not assignable at law, and however the transfers of them may be protected in equity, they unquestionably pass no legal interest. The present plaintiff was not the legal owner of Dunn’s judgment, and Boydton by the receipt of the money upon it, did not become legally the debtor of the present plaintiff. If, after the receipt of the money, and with a knowledge of the assignment, he had promised to pay the money to the plaintiff, he would have made himself liable by such as-sumpsit. If before the receipt of the money, he had been apprised of the assignment, and had collected it as agent for the plaintiff, he would have been liable as for so much money received to the use of the plaintiff. But a mere equitable interest in the judgment could not
 
 per se
 
 create a legal property in the money due, or paid upon the judgment, in whose hands soever it might be. But it is insisted,
 
 *206
 
 in behalf of the appellant, that his claim was supported by showing an equitable interest in the money, for that it is the purpose of the attachment laws to subject to the demands of creditors only such moneys as are
 
 equitably and truly
 
 due to their debtors, and not such as are due to them in trust for others. We admit the argument, but deny the inference. We admit that it is not the purpose of the attachment laws, to subject to the demands of creditors, either property held by, or debts due to, absconding debtors
 
 as trustees
 
 for others. If upon the garnishee’s examination, or on a disputed issue growing out of a garnishment, it shall appear that the garnishee holds effects of, or is indebted to the defendant, as the trustee of another, the Court ought not, and will not, condemn those effects, or that debt, as liable to the satisfaction of the demands of the attaching creditor. Such creditor would thereby be converted into a trustee for the rightful owner; and the proceeding would be a perversion of the very intent and purpose of the law of attachments. But if the garnishee sets up no such defence, and states no facts from which it can be inferred, we are at a loss to conceive how it can be brought’ before
 
 that
 
 Court. The privilege of interposing a claim is given by law to him, and to him only, who has the right to the property; and the issue upon the claim is
 
 in whom is the property claimed. This
 
 must mean the legal ownership. Such an issue wherever tried, can mean nothing else. If the claimant has not the legal interest
 
 in
 
 the property, the issue cannot be found for him. The equitable owner is not without redress. He can have recourse against the garnishee who hath held back the facts, which would have prevented condemnation; or he may invoke the aid of a proper court, to stop the proceedings. He can pursue either of these courses, whenever the nature of the property, or the magnitude of the debt, will induce a Court of Equity to take jurisdiction of an equitable demand — and where it will not, he is in no worse condition than he was in before.
 

 As the alleged error on which the plaintiff seeks a reversion of the judgment against him does not exist, it is not
 
 necessary
 
 that we should state any other reason for
 
 *207
 
 affirming the judgment. But we have been struck with the character of the claim here
 
 interposed
 
 — a
 
 claim to a debt
 
 — and are apprehensive that our silence upon a point so obviously presented to our notice, might be construed into an implied sanction of such a course of proceeding. "We understand
 
 all
 
 the provisions in the attachment laws, permitting third persons to interpose claims, as applying only in the cases
 
 ordinarily
 
 indicated by the words used. Creditors are enabled by means of these laws to obtain satisfaction of their demands against their absconding debtors out of either or both of two funds. The first, is such of their property as may be levied on, seised and sold; the second, out of debts due to them from third persons. Special provisions are made for prosecuting the remedy by attachment, applicable to the pursuit against these respective funds. For debts due from third persons judgments are to be rendered against them. As to the property which can be seised, it is to be levied on, and is to be sold by
 
 venditioni exponas,
 
 as the property of the defendant liable to execution. It is when property is attached — of a tangible kind — the subject-matter of anexecution— that third persons have a right to come forward, and insist that the
 
 property
 
 so attached is
 
 their
 
 property, and not that of the absconding debtors. If the persons summoned as garnishees, choose to admit that they owe money to the defendants in attachment, which in truth is not due, and thereby subject themselves to judgments for which they are not liable, the actual creditors of these garnishees have no
 
 legal
 
 right to interpose. Judgments against the garnishees for what they admit to be due,
 
 touch
 
 not the debts due from the garnishees to others. They produce no seisure, no sale of the latter — and leave the remedies these creditors and all the means of enforcing them, precisely as they were. These creditors have no more
 
 legal
 
 right to interpose against the rendition of such judgments, than against the voluntary confession of judgments by their debtors to persons- bringing suit against them by original process. But where the property of third persons is specifically levied upon by attachment, as the property of an absconding debtor; the proceeding is against that
 
 *208
 
 very
 
 corpus
 
 — and the law to prevent the direct injury arising from the interruption to its enjoyment, and the possible injury that may attend its removal, has provided a mode by which the right to it may be immediately asserted. As well therefore, from the objects intended to be effected by the legislature, as from the words used, we are of opinion that the claimant, if he had had a legal right to the money received by Boydton on the judgment against M‘Lelland, could not interpose a claim against the plaintiff in attachment to the debt, which,
 
 he
 
 says, Boydton owed to
 
 his
 
 debtor.
 

 Per Curiam. Judgment affirmed.